## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES PORTER, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff, v.<br><br>DEAN'S PROFESSIONAL PLUMBING, INC., d/b/a DEAN'S HOME SERVICES,<br><br>　　　　Defendants. | Court File No.:  20-cv-2703<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

James Porter and all others similarly situated ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Dean's Professional Plumbing, Inc. d/b/a Dean's Home Services ("Defendants" or "Dean's"), in negligently, knowingly, and/or willfully contacting Plaintiff through text messages on Plaintiff's cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendants are home services companies, providing consumer plumbing, electric, heating and air services throughout the Twin Cities metro area.

2. On or about December 29, 2020, Plaintiff received a text message from Defendants.

3. The TCPA strictly forbids spam text messages exactly like those alleged in this Complaint, i.e. intrusive text messages to private cellular phones, placed to numbers obtained without the prior express consent of the recipients.

4. Defendants' violations caused Plaintiff and members of the Class actual harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited text messages, as well as the violation of their statutory rights.

5. Plaintiff and members of the Class suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendants' conduct, and is likely to be redressed by a favorable decision in this action.

6. Moreover, the transmission of an unsolicited text message to a cellular device is distracting and aggravating to the recipient; intrudes upon the recipient's seclusion; wastes a quantifiable amount of available data on the recipient's cellular device, thereby reducing its data storage capacity; diminishes the available battery power which shortens the battery life; and requires expending a quantifiable amount of energy (electricity) to recoup the battery power lost as a result of receiving such a message.

7. Plaintiff seeks an injunction stopping Defendants from sending unsolicited text messages, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

9. Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §§ 1391(b) because Defendants, at all times herein mentioned, were doing business in the State of Minnesota, and a substantial part of the events giving rise to the claim occurred in this jurisdiction.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, a resident of Dakota County, State of Minnesota. He is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendants maintain their corporate office at 7400 Kirkwood Court N., Maple Grove, MN 55369 and are "persons" as defined by 47 U.S.C. § 153 (39).

12. Plaintiff alleges that at all times relevant herein Defendants conducted business in the state of Minnesota and within this judicial district.

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. §§ 227 et seq.

13. In 1991, Congress enacted the Telephone Consumer Protection Act, 47U.S.C. § 227 ("TCPA"), in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment ("autodialers"). Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15. A text message is a call under the TCPA. *Pederson v. Donald J. Trump for President, Inc.* 465 Supp.3d 929 (D. Minn. 2020).

## FACTUAL ALLEGATIONS

16. Plaintiff is a licensed plumber in the State of Minnesota, registration #PA753217. He currently works for Homeworks Plumbing & Heating.

17. On or about December 29, 2020, Plaintiff received the following text message to his personal cellular phone ending in the number 6640 from the number 797979: "(Dean's Home Services) Are you tired of emergency on-call shifts? Looking to join a company who puts it's *[sic]* employees first? The grass IS greener at Dean's! The sign on bonus is greener too! Reply for more info or visit joindeans.com. STOP to end".

18. Defendants did not obtain express consent from Plaintiff prior to sending the unsolicited text messages.

19. These unsolicited text messages sent to Plaintiff's personal cellular telephone was sent via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and/or by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A).

20. The inclusion of "STOP to end" in the text message also indicates the use of an ATDS.

21. The existence of an ATDS is further evidenced by the fact that the text message received by Plaintiff was generic as to the intended recipient, i.e., the text message did not address Plaintiff individually or in any fashion. Such generic and impersonal message indicate that these text messages were sent to numerous cellular telephones in a bulk, automated fashion.

22. Furthermore, the text messages are prerecorded as prohibited by 47 U.S.C. § 227 (b)(1)(A) as identical text messages were sent to numerous individuals.

23. The identical nature of the text messages establishes that Defendants did not manually dial or manually write the text message that was sent to Plaintiff and the Class.

24. Plaintiff believes the spam text message was generated through communication technology called peer-to-peer text messaging which is an ATDS that sends text messages to lists of cellular recipients which have been uploaded by the Defendants. See *Pederson v. Donald J. Trump for President, Inc.* 465 Supp.3d 929 (D.

Minn. 2020) (following the Second and Ninth Circuits in agreeing that the statutory definition of ATDS "is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator' but also includes devices with the capacity to dial stored numbers automatically.")

25.     Plaintiff believes that his personal cellular telephone number, as well as all personal cellular numbers of the Class, were obtained through the Minnesota Department of Labor's website of State licensed plumbers.

26.     At no point has Plaintiff ever voluntarily provided his personal cellular telephone number to Defendants.

27.     The text message was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28.     Thus, the text messages by Defendants violated 47 U.S.C. § 227(b)(1).

29.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the Class defined as follows:

> All persons in the United States who: (1) were sent a text message placed by Defendants or its agents from the short code 797979; (2) on his or her cellular telephone number; (3) through the use of any automatic telephone dialing system or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); (4) without consent; (5) from two years prior to the filing of this Complaint through the filing of Final Approval.

30.     Defendants and its employees or agents are excluded from the Class.

31.     Plaintiff does not know the number of members in the Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

32. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and members of the Class via their cellular telephones by using unsolicited text messages, thereby causing Plaintiff and members of the Class to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and members of the Class. Plaintiff and the Class members were damaged thereby.

33. Plaintiff, and presumably other members of the Class, work as plumbers for competitors of Defendants. Plaintiff is not interested in leaving his job to work for Defendants and was bothered and offended because of the text message from Defendants.

34. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury. Plaintiff reserves the right to expand the definitions of the Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery

35. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a  Whether, within two years prior to the filing of this Complaint through the date of final approval, Defendants or its agents sent text messages without

    the recipients' prior express consent (other than for emergency purposes or made with the prior express consent of the called party) to a Class member using any ATDS, to any telephone number assigned to a cellular telephone service;

  b  Whether the equipment Defendants, or its agents, used to send the text messages in question was an ATDS as contemplated by the TCPA;

  c  Whether Defendants, or its agents, systematically sent text messages to persons who did not previously provide Defendants with their prior express consent to receive such text messages;

  d  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

  e  Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

36.    As a person that received at least one text message without his prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

37.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue

such illegal conduct. Because of the size of the individual Class member's claims, few, if any, members of the Class could afford to individually seek legal redress for the wrongs complained of herein.

38. Plaintiff has retained counsel experienced in handling class action claims and claims involving consumer class actions.

39. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of the members of the Class in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40. This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect each of the Class members uniformly. Plaintiff's challenge to those practices hinges on Defendants' conduct with respect to the Class as whole, not on facts or law applicable only to Plaintiff.

## COUNT I – NEGLIGENT VIOLATIONS OF THE TCPA

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Each such text message was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, and to dial such numbers. By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to a list of thousands of wireless phone numbers of consumers without human intervention.

43. These text messages are analogous to a prerecorded voice made without the prior express consent of Plaintiff.

44. Defendants' text messages were sent without the prior express consent of the Plaintiff and the other members of the Class to receive such text messages.

45. The foregoing acts and omissions of Defendants and its agents constitute numerous and multiple negligent violations of the TCPA.

46. As a result of Defendants' and/or Defendants' agents' negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and the Class are also entitled to seek injunctive relief prohibiting such conduct in the future.

**COUNT II – KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Each such text message was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, and to dial such numbers. By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to a list of thousands of wireless phone numbers of consumers without human intervention.

50. These text messages are analogous to a prerecorded voice made without the prior express consent of Plaintiff.

51. Defendants' text messages were sent without the prior express consent of the Plaintiff and the other members of the Class to receive such text messages.

52. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA.

53. As a result of Defendants' knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to treble damages as provided by statute up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendants:

**COUNT I – NEGLIGENT VIOLATIONS OF THE TCPA**

55. As a result of Defendant's and/or Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

57. Any other relief the Court may deem just and proper.

**COUNT II – KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

58. As a result of Defendants' and Defendants' agents' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages as provided by statute up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

60. Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 31 day of December, 2020.

By: *s/Bryce M. Miller*
Bryce M. Miller
Attorney I.D. #:  386901
Mark H. Gehan
Attorney I.D. #: 0392200
COLLINS, BUCKLEY, SAUNTRY & HAUGH, PLLP
332 Minnesota Street, Suite W1100
Saint Paul, MN 55101
Telephone: (651) 227-0611
bmiller@cbsh.net
mhgehan@cbsh.net

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS**